## SUPREME COURT.

ALLEN F. HAND and others agt. THE ATLANTIC NATIONAL BANK, impleaded with others.

*Form of action in suit by stockholders of a corporation against its directors for negligence — Necessary parties — Complaint — Demurrer.*

A suit in equity against directors of a corporation to recover damages for the waste and loss of the corporate assets caused by the negligence of the directors in the discharge of their official duties, should ordinarily be brought by the corporation.

The stockholders, however, may bring such suit where the corporation is still under the control of the accused trustees.

When the suit is brought by stockholders the corporation is a necessary party defendant.

When such corporation is an insolvent national bank and a receiver of its assets has been appointed by the comptroller of the currency, such receiver is also a necessary party defendant.

The corporation, however, has no interest in the joinder of the receiver and cannot demur upon the ground of his non-joinder.

A complaint in such an action which alleges, as the result of the defendants' negligence, that the plaintiffs' stock became worthless and that they had also been obliged to pay an assessment imposed by the comptroller of the currency under the national bank act in order to pay the debts of the bank, is not demurrable on the ground that several causes of action have been improperly united. Special elements of damage are alleged but only one cause of action.

*Special Term, December,* 1877.

THIS was an issue of law raised by the demurrer of the defendant, The Atlantic National Bank, to the plaintiffs' complaint. The action was brought by certain stockholders of the bank, in behalf of themselves and of all other stockholders who might join in the suit, against the directors of the bank, with whom was impleaded the bank itself. The complaint alleges, in substance, that The Atlantic National Bank was a banking

association organized under the national bank act; that in April, 1873, it was insolvent and suspended payment; that the comptroller of the currency, thereupon, appointed a receiver of its assets, who qualified and has since acted as such; that the liabilities of the bank so far exceeded its assets as to entirely absorb its capital stock, and that the comptroller of the currency, in order to pay the debts of the bank, had made an assessment, under the national bank act, upon each stockholder of an amount equal to the par value of his shares of stock; that the insolvency of the bank was caused by the misconduct of the cashier in misappropriating bank funds to a very large amount and using them in stock speculations; that the directors of the bank were negligent in keeping the cashier in office for several years after they knew of his ᴸaving improperly obtained funds of the bank and having lost them in stock speculations, and in omitting, in various respects detailed in the complaint, to adopt reasonable and customary methods to prevent defalcations by the cashier, or to detect them if they should occur. The relief prayed for is an accounting by defendants, as trustees of plaintiffs, and a judgment for the damage found to have resulted to plaintiffs, respectively, from the defendant's negligence and misconduct in office.

The Atlantic National Bank demurred to the complaint on the grounds that plaintiffs had not legal capacity to sue; that there was a defect of parties in that neither the comptroller of the currency nor the receiver was made a party plaintiff or defendant; that several causes of action had been improperly united, namely, a demand accruing to the bank and passing to the receiver, and several demands of individual plaintiffs for their personal damages, and that the complaint did not state facts sufficient to constitute a cause of action.

*S. P. Nash,* for plaintiff.

*Charles Tracy,* for defendant.

BARRETT, *J.* — The complaint, in its general features, is good upon the authority of *Robinson* agt. *Smith* (3 *Paige*, 222). But one cause of action is stated, in substance the gross negligence of the trustees, resulting in the waste and loss of the corporate assets. The assessment upon the stockholders is not averred as a distinct cause of action, but as a special element of damage. Possibly it may not be cognizable as such in an equity suit of this nature, but that is a question for the hearing. Ordinarily the corporation should file the bill, but the stockholders may do so where, as here, the corporation is still under the control of the accused trustees. In the latter case, the corporation is necessarily a party defendant.

But, in our judgment, the receiver should also have been joined, and the court will see that he is brought in before final judgment. The trustees are entitled to have all possible claims against them settled in the one suit ; and the presence of the receiver is necessary to a complete determination of the controversy.

The defendant corporation, however, cannot demur upon that ground, for the reason that it has no interest in the joinder (*Hillman* agt. *Hillman*, 14 *How. P. R.*, 456 ; *Newbould* agt. *Warrin*, 14 *Abb. P. R.*, 80).

There must, therefore, be judgment overruling the demurrer, with costs, but with leave to withdraw the demurrer and answer over within twenty days upon payment of such costs.